UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Milton F. Wright and Milton F. Wright Trucking, Inc.<br><br>Plaintiffs,<br><br>vs.<br><br>Synagro Mid-Atlantic, Inc.,<br>7014 E. Baltimore Street<br>Baltimore, MD 21224<br><br>Synagro Technologies, Inc.<br>1800 Bering Drive, Suite 1000<br>Houston, TX 77057<br><br>and CDR Mid Atlantic<br><br>Defendants. | CIVIL ACTION NO. 01391<br>Judge Richard W. Roberts |

## SYNAGRO TECHNOLOGIES, INC.'S 12(B)(2) AND 12(B)(6) MOTION TO DISMISS

Pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), Synagro Technologies, Inc. files this Motion to Dismiss for lack of personal jurisdiction and failure to state a claim. Defendant Synagro Technologies, Inc. has never purposefully availed itself of the benefits and protections of the District of Columbia, does not and has not ever conducted business in the District of Columbia and therefore, this Court lacks personal jurisdiction over it. Furthermore, Defendant Synagro Technologies, Inc. has never entered into a contract with, nor has it ever conducted business with Plaintiffs. Accordingly, as is set forth in the attached Brief and Memorandum, Plaintiffs have failed to state a claim, against Synagro Technologies, Inc., upon which relief can be granted, and for that reason, this Court must dismiss Plaintiffs' claims against Synagro Technologies, Inc.

Respectfully submitted,

BAKER & HOSTETLER LLP

ORAL HEARING REQUESTED

BY: _____/S/_____
   Frederick W. Chockley, III
   D.C. Bar No. 366800
  Washington Square, Suite 1100
  1050 Connecticut Avenue, N.W.
  Washington, D.C. 20036-5304
   Telephone: (202) 861-1500
   Facsimile: (202) 861-1783

WATT BECKWORTH
THOMPSON & HENNEMAN, L.L.P.

BY: _____
   J. Bradley Green
   Federal Bar No. 18196
   *Pro Hac Vice Pending*
   State Bar No. 000790785
   1010 Lamar, Suite 1600
   Houston, TX 77002
   Telephone: (713) 650-8100
   Facsimile: (713) 650-8141

ATTORNEYS IN CHARGE FOR
DEFENDANTS SYNAGRO MID-ATLANTIC,
INC., AND SYNAGRO TECHNOLOGIES,
INC.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Milton F. Wright and Milton F. Wright Trucking, Inc.<br><br>Plaintiffs,<br><br>vs.<br><br>Synagro Mid-Atlantic, Inc.,<br>7014 E. Baltimore Street<br>Baltimore, MD 21224<br><br>Synagro Technologies, Inc.<br>1800 Bering Drive, Suite 1000<br>Houston, TX 77057<br><br>and CDR Mid Atlantic<br><br>Defendants. | CIVIL ACTION NO. 01391<br>Judge Richard W. Roberts |

### SYNAGRO TECHNOLOGIES, INC.'S 12(B)(2) AND 12(B)(6) MOTION TO DISMISS AND BRIEF AND MEMORANDUM IN SUPPORT THEREOF

Pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), Synagro Technologies, Inc. files this Motion to Dismiss for lack of personal jurisdiction and failure to state a claim and would show this Court as follows:

### I. SUMMARY OF THE ARGUMENT

Defendant Synagro Technologies, Inc. has never purposefully availed itself of the benefits and protections of the District of Columbia, does not and has not ever conducted business in the District of Columbia and therefore, this Court lacks personal jurisdiction over it. Furthermore, Defendant Synagro Technologies, Inc. has never entered into a contract with, nor has it ever conducted business with Plaintiffs. Accordingly, Plaintiffs have failed to state a claim against Synagro Technologies, Inc. upon which relief can be granted, and for that reason, this Court must dismiss Plaintiffs' claims against Synagro Technologies, Inc.

{00012563.DOC}

## II. FACTUAL BACKGROUND

Plaintiffs brought this lawsuit against Synagro Technologies, Inc., Synagro Mid-Atlantic, Inc. and CDR Mid-Atlantic[1] for Defendants' alleged intentional conduct to deprive Plaintiffs of their right to contract in violation of 42 U.S.C. § 1981. Plaintiffs claim that they entered into several contracts with Defendants for residuals management services at various municipalities and industrial companies in Maryland and Virginia. Following the execution of these contracts, Plaintiffs allege that Defendants treated Plaintiffs differently than other non-minority subcontractors relative to the terms and conditions of the contracts. *See Plaintiffs' Complaint* at ¶ 12. More specifically, Plaintiffs allege that, as a minority business owner and minority-owned business, Defendants deliberately and intentionally treated them differently than Caucasian-owned companies by paying them less and by failing to provide them with the same quantity and quality of work as other non-minorities in the same line of business. *See Plaintiffs' Complaint* at ¶¶ 68-77.

## III. THIS COURT HAS NO PERSONAL JURISDICTION OVER SYNAGRO TECHNOLOGIES, INC.

"A court may assert personal jurisdiction over a nonresident defendant where service of process is authorized by statute and where the service of process so authorized is consistent with due process." *Holder v. Haarmann & Reimer Corp.*, 779 A.2d 264, 269 (D.C. 2001) (citations omitted). It is the plaintiff's burden to establish a court's authority to exercise personal jurisdiction over a defendant. *See Parsons v. Mains*, 580 A.2d 1329, 1330 (D.C. 1990). In this case, the Court cannot properly exercise personal jurisdiction over Synagro Technologies, Inc. because (1) Synagro Technologies, Inc. has insufficient contacts with the District of Columbia,

---

[1] This motion and memorandum in support thereof is limited solely to Synagro Technologies, Inc.'s defenses to Plaintiffs' claims. Synagro Mid-Atlantic, Inc. has filed its own Motion to Dismiss, or in the Alternative, a Motion to Transfer. CDR Mid Atlantic, Inc. is a nonexistent company and is not a corporate entity or an affiliate of either Synagro Mid-Atlantic, Inc. or Synagro Technologies, Inc. *See* Exhibit A, Declaration of Catherine Kurtz at ¶ 9.

and (2) it will offend the traditions of fair play and substantial justice. *See World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 291-92 (1980).

Prior to exercising jurisdiction over Synagro Technologies, Inc., this Court must first determine that Synagro Technologies, Inc. has minimum contacts with, or that it has purposefully availed itself of the benefits and protections of, the District of Columbia. *See International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945). Contrary to Plaintiffs' pleading, however, Synagro Technologies, Inc. is a Delaware Corporation and is authorized to do business only in Delaware, New Jersey and Texas. *See* Exhibit A, Declaration of Catherine Kurtz at ¶¶ 2-3. Synagro Technologies, Inc. does not conduct and has never conducted business in the District of Columbia. *See id.* at ¶ 3. Moreover, as is specifically relevant to this matter, contrary to Plaintiffs' allegations, Synagro Technologies, Inc. has never contracted with or conducted business with Plaintiffs - either in the District of Columbia or otherwise. *See id.* at ¶¶ 6-7. Furthermore, Synagro Technologies, Inc. has never conducted business as CDR Mid Atlantic – either in the District of Columbia or otherwise. *See id.* at ¶¶ 4, 9.

Should Synagro Technologies, Inc. be subjected to the jurisdiction of this Court, the notions of fair play and substantial justice will be offended. *See International Shoe,* 326 U.S. at 316. Synagro Technologies, Inc. is not located in the District of Columbia, has never conducted business in nor purposefully availed itself of the benefits or protections of the District of Columbia, and for these reasons, this Court should have no interest in adjudicating this dispute with Synagro Technologies, Inc. *Id.*

## IV. PLAINTIFFS HAVE FAILED TO STATE A CLAIM AGAINST SYNAGRO TECHNOLOGIES, INC.

There are no set of facts under which Plaintiffs would be entitled to relief from Synagro Technologies, Inc. and thus, Plaintiffs' claims against it should be dismissed. FED. R. CIV. P.

12(b)(6). Despite Plaintiffs' allegations to the contrary, Synagro Technologies, Inc. has never entered into a contract with Plaintiffs, individually or collectively. *See* Exhibit A at ¶ 6. Moreover, Synagro Technologies, Inc. has never conducted any business with Plaintiffs, individually or collectively. *Id.* at ¶ 7. Furthermore, contrary to Plaintiffs' allegations, Synagro Technologies, Inc. has never conducted any business as CDR Mid Atlantic or CDR Mid Atlantic, Inc. *See* Exhibit A at ¶¶ 4, 9. Accordingly, Plaintiffs cannot plead any set of facts under their 42 U.S.C. § 1981 claim that would entitle them to relief from Synagro Technologies, Inc., and their claims against Synagro Technologies, Inc. must be dismissed.

## V. CONCLUSION

For the foregoing reasons, and pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), Synagro Technologies, Inc. respectfully requests that this Court dismiss all of Plaintiffs' claims against Synagro Technologies, Inc. and grant them all such further relief at law or in equity to which it is justly entitled.

Respectfully submitted,

BAKER & HOSTETLER LLP

BY: _____/S/_____
Frederick W. Chockley, III
D.C. Bar No. 366800
Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5304
Telephone: (202) 861-1500
Facsimile: (202) 861-1783

WATT BECKWORTH
THOMPSON & HENNEMAN, L.L.P.


BY: _____
    J. Bradley Green
    Federal Bar No. 18196
    *Pro Hac Vice Pending*
State Bar No. 000790785
1010 Lamar, Suite 1600
Houston, TX 77002
Telephone: (713) 650-8100
Facsimile: (713) 650-8141

ATTORNEYS IN CHARGE FOR
DEFENDANTS SYNAGRO MID-ATLANTIC,
INC., AND SYNAGRO TECHNOLOGIES,
INC.