UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Milton F. Wright and Milton F. Wright Trucking, Inc.<br><br>Plaintiffs,<br><br>vs.<br><br>Synagro Mid-Atlantic, Inc.,<br>7014 E. Baltimore Street<br>Baltimore, MD 21224<br><br>Synagro Technologies, Inc.<br>1800 Bering Drive, Suite 1000<br>Houston, TX 77057<br><br>and CDR Mid Atlantic<br><br>Defendants. | CIVIL ACTION NO. 01391<br>Judge Richard W. Roberts |

### SYNAGRO MID-ATLANTIC, INC.'S MOTION TO DISMISS, OR ALTERNATIVELY, MOTION TO TRANSFER VENUE

Pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a), Synagro Mid-Atlantic, Inc. respectfully seeks an Order dismissing this case in its entirety or, in the alternative, transferring this case to the United States District Court for the District of Maryland. As is set forth in the attached Brief and Memorandum in support, venue is improper in this Court.

ORAL HEARING REQUESTED

Respectfully submitted,

BAKER & HOSTETLER LLP

BY: _____/S/_____
Frederick W. Chockley, III
D.C. Bar No. 366800
Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5304
Telephone: (202) 861-1500
Facsimile: (202) 861-1783

WATT BECKWORTH
THOMPSON & HENNEMAN, L.L.P.

BY: _____
J. Bradley Green
Federal Bar No. 18196
*Pro Hac Vice Pending*
State Bar No. 000790785
1010 Lamar, Suite 1600
Houston, TX 77002
Telephone: (713) 650-8100
Facsimile: (713) 650-8141

ATTORNEYS IN CHARGE FOR
DEFENDANTS SYNAGRO MID-
ATLANTIC, INC., AND SYNAGRO
TECHNOLOGIES, INC.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Milton F. Wright and Milton F. Wright Trucking, Inc.<br><br>Plaintiffs,<br><br>vs.<br><br>Synagro Mid-Atlantic, Inc.,<br>7014 E. Baltimore Street<br>Baltimore, MD 21224<br><br>Synagro Technologies, Inc.<br>1800 Bering Drive, Suite 1000<br>Houston, TX 77057<br><br>and CDR Mid Atlantic<br><br>Defendants. | CIVIL ACTION NO. 01391<br>Judge Richard W. Roberts |

### SYNAGRO MID-ATLANTIC, INC.'S MOTION TO DISMISS, OR ALTERNATIVELY, MOTION TO TRANSFER VENUE AND BRIEF AND MEMORANDUM IN SUPPORT THEREOF

Pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a), Synagro Mid-Atlantic, Inc. files this Motion to Dismiss, or Alternatively, Motion to Transfer Venue and would show this Court as follows:

**I.   SUMMARY OF THE ARGUMENT**

Defendant Synagro Mid-Atlantic, Inc. (hereinafter "Synagro Mid-Atlantic") has been hailed into this Court improperly. Despite Plaintiffs' allegations to the contrary, *absolutely no* events or omissions giving rise to Plaintiffs' claims occurred in the District of Columbia. Plaintiffs' reliance on 28 U.S.C. § 1391 is, therefore, unfounded and the claims against Synagro Mid-Atlantic should be dismissed, or in the alternative, transferred to a proper venue.

## II.   FACTUAL BACKGROUND

Plaintiffs brought this lawsuit against Synagro Technologies, Inc., Synagro Mid-Atlantic, Inc. and CDR Mid-Atlantic[1] for Defendants' alleged intentional conduct to deprive Plaintiffs of their right to contract in violation of 42 U.S.C. § 1981. Plaintiffs claim that they entered into several contracts with Defendants for residuals management services. Following the execution of these contracts, Plaintiffs allege that Defendants treated Plaintiffs differently than other non-minority subcontractors relative to the terms and conditions of the contracts. *See Plaintiffs' Complaint* at ¶ 12. More specifically, Plaintiffs allege that, as a minority business owner and minority-owned business, Defendants deliberately and intentionally treated them differently than Caucasian-owned companies by paying them less and by failing to provide them with the same quantity and quality of work as other non-minorities in the same line of business. *See Plaintiffs' Complaint* at ¶¶ 68-77.

## III.   THE DISTRICT OF COLUMBIA IS AN IMPROPER VENUE FOR PLAINTIFFS' CLAIMS

Federal Rule of Civil Procedure 12(b)(3) allows a defendant to move for dismissal where the plaintiff's choice of venue is improper. FED. R. CIV. P. 12(b)(3). In addition, 28 U.S.C. § 1406(a) gives this Court the power to dismiss an action filed in an improper judicial district or, in the interest of justice, to transfer the action to a district where the action could have been brought. 28 U.S.C. § 1406(a).

Plaintiffs brought this case under 42 U.S.C. § 1981 and established subject matter jurisdiction based on a federal question. Accordingly, Plaintiffs' choice of venue must be

---

[1] This motion is limited solely to Synagro Mid-Atlantic, Inc.'s defenses to Plaintiffs' claims. Synagro Technologies, Inc. filed its own Motion to Dismiss. CDR Mid-Atlantic, Inc. is a nonexistent company and is not a corporate entity or an affiliate of either Synagro Mid-Atlantic, Inc. or Synagro Technologies, Inc. *See* Exhibit A, Declaration of Catherine Kurtz at ¶ 9.

governed by the application of 28 U.S.C. § 1391.  Subsection (b) of this section provides as follows:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).  Because not all of the defendants reside in the District of Columbia and no events or omissions giving rise to Plaintiffs' claims occurred in the District of Columbia, this case should be dismissed.

### A.  *The defendants do not all reside in the District of Columbia.*

Plaintiffs brought suit against three separate corporate entities: Synagro Technologies, Inc., Synagro Mid-Atlantic, Inc. and CDR Mid Atlantic, Inc.[2]  Pursuant to 28 U.S.C. § 1391(b), to establish venue based on the residence of the defendants, all of the defendants must reside in the District of Columbia.  28 U.S.C. § 1391(b).  Subsection (c) of section 1391 further clarifies that "[f]or purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action commenced."  28 U.S.C. § 1391(c).

Synagro Technologies, Inc. does not reside in the District of Columbia and is not subject to personal jurisdiction in the District of Columbia.  Synagro Technologies, Inc. is a Delaware Corporation and is authorized to do business only in Delaware, New Jersey and Texas.  *See*

---

[2] Plaintiffs allege that CDR Mid Atlantic, Inc. is a corporate entity that is an affiliate or related entity to Synagro. *See Plaintiffs' Complaint* at ¶ 7.  CDR Mid Atlantic, Inc., however, is nonexistent and is not a corporate entity or an affiliate related to Synagro. *See* Exhibit A, Declaration of Catherine Kurtz at ¶ 9.  Thus, the residence of CDR Mid Atlantic, Inc. is not discussed for purposes of a proper venue determination.

Exhibit A, Declaration of Catherine Kurtz at ¶¶ 2-3. Synagro Technologies, Inc. does not conduct and has never conducted business in the District of Columbia. *See id.* at ¶ 3. Moreover, as is specifically relevant to this matter, contrary to Plaintiffs' allegations, Synagro Technologies, Inc. has never contracted with or conducted business with Plaintiffs - either in the District of Columbia or otherwise. *See id.* at ¶¶ 6-7. Accordingly, Synagro Technologies, Inc. is not subject to the personal jurisdiction of the District of Columbia and venue is improper as to all defendants.

### B. *No events or omissions giving rise to Plaintiffs' claims occurred in the District of Columbia.*

While Plaintiffs do not specifically plead venue,[3] and generally reference the first criteria under subsection (b) of section 1391 as their basis for establishing venue, in the event that Plaintiffs rely upon the second criteria to establish venue, Synagro Mid-Atlantic addresses it herein. To establish venue based upon the second criteria in subsection (b) of section 1391, Plaintiffs must establish that a substantial portion of the events and/or omissions giving rise to their claim occurred in the District of Columbia. Plaintiffs cannot do so, and thus, venue is improper in the District of Columbia.

Plaintiffs complain of four projects, or "contracts," in their Original Complaint. For purposes of this motion, Defendants will address them in two separate groups: (1) "The

---

[3] Plaintiffs do not specifically reference which venue provision they rely upon in establishing venue. Rather, Plaintiffs generally allege:

> This Court has personal jurisdiction over the Defendants because they are parties to contracts executed in the District of Columbia and do business in the District of Columbia. Venue is therefore proper within the jurisdiction of the District of Columbia.

*See Plaintiffs' Complaint* at ¶ 2.

{00012564.DOC}    4

Piscataway Waste Water Treatment Plant Contract;" (2) "The Western Maryland Project;" "The Blue Plains Contract;" and "The Upper Occoquan Sewage Authority Contract."

### 1. The Piscataway Waste Water Treatment Plant Contract

The Service Agreement entered into between Milton F. Wright Trucking, Inc. and Synagro Mid-Atlantic, Inc. on December 10, 1999 ("Piscataway Contract")[4] was the first formal agreement entered into between the parties. *See* Exhibit B, Declaration of Brent R. McManigal at ¶ 4. Prior to entering into the Piscataway Contract, the parties exchanged several letters containing interim agreements, proposals, and negotiations. *See id.* The Piscataway Contract dealt solely with biosolids provided to Wright Trucking, pursuant to its contract with Washington Suburban Sanitary Commission (*which is located in Laurel, Maryland*), that were generated by the Piscataway Wastewater Treatment Plant (*which is located in Accokeek, Maryland*). *See id.*

At no time during the negotiations of the Piscataway Contract, did *any* of the negotiations occur, or involve in any manner, the District of Columbia. *See id.* at ¶ 5. Synagro Mid-Atlantic is unaware of a single meeting held, fax sent or received, or letter sent or received within the District of Columbia. *See id.* Synagro Mid-Atlantic did not have an office within the District of Columbia, and, to its knowledge, neither did Plaintiffs. *See id.* Additionally, at no time relevant to the Piscataway Contract did Plaintiffs transport or spread any biosolids in the District of Columbia. *See id.* In other words, the biosolids were generated in Maryland and spread on land in either Maryland or Virginia. *See id.*

Synagro Mid-Atlantic is not aware of a single event or omission, much less a substantial portion of them, that occurred in the District of Columbia related to the Piscataway Contract.

---

[4] This is the contract referenced in *Plaintiffs' Complaint* at ¶ 18. Synagro Mid-Atlantic was unable to identify or locate any previous contract between the parties.

{00012564.DOC}   5

### 2.  Western Maryland, Blue Plains, and Upper Occoquan Contracts

Milton F. Wright Trucking, Inc. and Synagro Mid-Atlantic, Inc. entered into a Land Application Subcontracting Agreement on December 5, 2002 ("2002 Agreement")[5] and a Land Application Subcontracting Agreement Amendment on May 1, 2004 ("2004 Agreement"),[6] collectively referred to as the "Land Application Agreements." *See* Exhibit C, Declaration of Stephen Toft at ¶ 4.

At no time during the negotiations of the Land Agreements, did *any* of the negotiations occur, or involve in any manner, the District of Columbia. *See id.* at ¶¶ 5-6. Synagro Mid-Atlantic is unaware of a single meeting held, fax sent or received, or letter sent or received within the District of Columbia. *See id.* at ¶ 6. Synagro Mid-Atlantic did not have an office within the District of Columbia, and, to its knowledge, neither did Plaintiffs. *See id.* As a matter of fact, the Land Agreements acknowledge in the first paragraph that Synagro Mid-Atlantic's place of business is Baltimore, Maryland and that Milton F. Wright Trucking, Inc.'s place of business is in Silver Spring, Maryland. *See generally* Exhibit C, Exhibit 1.

Additionally, Plaintiffs were not asked at any time to transport or spread biosolids from, within, or through District of Columbia. *See* Exhibit C at ¶ 7. With the exception of the Blue Plains project, all of the biosolids management services provided by Milton F. Wright Trucking, Inc. involved biosolids generated solely in Maryland and were spread in Maryland and Virginia. *See id.* The *only* connection *at all*, which is tenuous at best, that this matter has with the District of Columbia is that the waste water treatment facility for the Blue Plains project is located within the District of Columbia. *See id.* Despite this, Plaintiffs were *never* was responsible for entering the District of Columbia to obtain the biosolids. *See id.* Rather, these biosolids were transported

---

[5] This is the contract referenced in *Plaintiffs' Complaint* at ¶ 21.
[6] This is the contract referenced in *Plaintiffs' Complaint* at ¶ 35.

into Maryland or Virginia by a third party[7] and delivered to Milton F. Wright Trucking, Inc. for spreading. *See id.* In other words, Plaintiffs were *never* required to even enter the District of Columbia, much less perform services therein. *See id.*

Synagro Mid-Atlantic is not aware of a single event or omission, much less a substantial portion of them, that occurred in the District of Columbia related to the Land Application Agreements.

## IV. IN THE ALTERNATIVE, THIS COURT SHOULD TRANSFER THIS CASE TO THE MORE APPROPRIATE VENUE IN MARYLAND.

Section 1404(a) of Title 28 also gives this Court the power to transfer a civil action to another district. Section 1404(a) provides:

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a). Under section 1404(a), to determine whether to transfer a case, this Court is not limited to the two factors specifically enumerated in the statute, but rather must engage in a case-by-case consideration of convenience and fairness. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Liban v. Churchey Group II, L.L.C.*, 305 F.Supp.2d 136, 139 (D.D.C. 2004).

To justify a transfer under section 1404(a) it must first be established that (1) the plaintiff could have brought the action in the proposed transferee district; and (2) the considerations of convenience and the interests of justice weigh in favor of a transfer to that court. *Van Dusen*, 376 U.S. 612, 622 (1964); *Liban*, 305 F.Supp.2d at 139.

---

[7] Although admittedly not relevant for purposes of this motion, Synagro Mid-Atlantic is compelled to note for the Court that the third party that provides transportation services from the Blue Plains facility (before, during, and after Synagro Mid-Atlantic's alleged misconduct) is an African-American minority-owned joint venture.

### A. *Plaintiffs could have originally brought suit in the District Court of Maryland.*

Plaintiffs could have, and certainly should have, brought this matter in the United Stated District Court for the District of Maryland. Synagro Mid-Atlantic resides in Maryland and is therefore subject to personal jurisdiction of the courts of Maryland. *See* Exhibit C at ¶ 2. The Land Application Agreements, which represent 2/3 of the contracts Plaintiffs are complaining of, signed by Milton Wright Trucking, Inc., indicate that they also have a place of business in Maryland. *See generally* Exhibit C at Exhibits 1 and 2. But, most importantly, a substantial portion, if not almost all, of the events and/or omissions giving rise to Plaintiffs' claims occurred in Maryland. *See* Exhibit C at ¶¶ 5-7.

### B. *The interests of justice weigh in favor of a transfer to the District Court of Maryland.*

In order to determine whether the considerations of convenience and the interests of justice weigh in favor of a transfer to another court, this Court must first evaluate several private and public interest factors. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 27 (1988); *Liban*, 305 F.Supp.2d at 139. Because the balance of the factors weigh in favor of a transfer to the District Court of Maryland, in the event that this Court does not dismiss this case against Mid Atlantic for improper venue, it should transfer the case.

This Court should evaluate the following private interest factors in determining whether or not to transfer this case to the District Court of Maryland: (1) the plaintiff's choice of forum, unless the balance of convenience is strongly in favor of the defendants; (2) the defendants' choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses, but only to the extent that the witnesses may actually be unavailable for trial in one of the forum; and (6) the ease of access to sources of proof. *Liban*, 305 F.Supp.2d at 139; *Trout Unlimited v. Dep't of Agric.*, 944 F.Supp.13, 16 (D.D.C. 1996).

In addition to the private interest factors, the following public interest factors should also be evaluated in determining whether or not a venue transfer is proper: (1) the transferee's familiarity with governing laws; (2) the relative congestion of the calendars of the potential transferee and transferor courts; and (3) the local interest in deciding local controversies at home. *Liban,* 305 F.Supp.2d at 139; *Trout Unlimited v. Dep't of Agric.,* 944 F.Supp.13, 16 (D.D.C. 1996).

Both the private and public interest factors weigh heavily in favor of transferring this matter to the United States District Court for the District of Maryland. The Piscataway Contract specifically provides:

> **Governing Law. THIS AGREEMENT AND ALL THE RIGHTS AND DUTIES OF THE PARTIES ARISING FROM OR RELATING IN ANY WAY TO THE SUBJECT MATTER OF THIS AGREEMENT OR THE TRANSACTIONS CONTEMPLATED BY IT, SHALL BE GOVERNED BY, CONSTRUED, AND ENFORCED IN ACCORDANCE WITH THE LAWS OF THE STATE OF MARYLAND . . . .**

Exhibit B at Exhibit 1 (emphasis in original). The Land Agreements go further, and specifically provide:

> This agreement shall be governed by the laws of the State of Maryland, including all rules and remedies as set forth under the State's Uniform Commercial Code, except to the extent that the provisions of the agreement are clearly inconsistent therewith. **The parties further agree that any legal proceedings arising out of or relating to the agreement shall be conducted in the State of Maryland.**

Exhibit C at Exhibits 1 and 2 (emphasis added).[8]

As a result, *every* contract complained about by the Plaintiffs contains a choice of law provision providing that Maryland law be applied. *See* Exhibit B at Exhibit 1; Exhibit C at Exhibits 1 and 2. Furthermore, in the Land Application Agreements, which represent two-thirds

---

[8] As stated in Mr. Toft's affidavit, the 2002 Agreement could not be located in its entirety prior to the filing of this motion. *See* Exhibit C at ¶ 4. Mr. Toft did indicate, however, that the 2004 Agreement was simply a revised copy of the 2002 Agreement, such that Paragraph 2N was the same in both agreements. *See id.*

of the contracts Plaintiffs are complaining of, Milton Wright Trucking, Inc. **contractually agrees** that this legal proceeding should be conducted in the State of Maryland. *See* Exhibit C at Exhibits 1 and 2. The strong presumption in favor of the enforceability of a forum selection clause weighs strongly in favor of transferring this case to the United States District Court for the District of Maryland. *See M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 15-16 (1972); *Marra v. Papandreou,* 216 F.3d 1119, 1123 (C.A.D.C. 2000).

Moreover, not a single relevant fact in this suit arose within the District of Columbia; therefore, Plaintiff's choice of forum (which goes against its contractual agreement) should be given no weight whatsoever. The parties reside in Maryland, along with the majority of witnesses and documents. The District of Columbia has absolutely no interest in this litigation, while the District of Maryland does, in that it involves its residents conducting business within its borders.

## V. CONCLUSION

For the foregoing reasons, and pursuant to Federal Rule of Civil Procedure 12(b)(3) and 18 U.S.C. § 1406(a), Synagro Mid-Atlantic, Inc. respectfully requests that this Court dismiss, for improper venue, Plaintiffs' claims against Synagro Mid-Atlantic, Inc., or in the alternative, transfer the case to the United States District Court for the District of Maryland and grant it all such further relief at law or in equity to which it is justly entitled.

Respectfully submitted,

BAKER & HOSTETLER LLP

BY: _____/S/_____
Frederick W. Chockley, III
D.C. Bar No. 366800
Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5304
Telephone: (202) 861-1500
Facsimile: (202) 861-1783

WATT BECKWORTH
THOMPSON & HENNEMAN, L.L.P.

BY: _____
J. Bradley Green
Federal Bar No. 18196
*Pro Hac Vice Pending*
State Bar No. 000790785
1010 Lamar, Suite 1600
Houston, TX 77002
Telephone: (713) 650-8100
Facsimile: (713) 650-8141

ATTORNEYS IN CHARGE FOR
DEFENDANTS SYNAGRO MID-ATLANTIC,
INC., AND SYNAGRO TECHNOLOGIES,
INC.