UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Milton F. Wright and Milton F. Wright Trucking, Inc.<br><br>Plaintiffs,<br><br>vs.<br><br>Synagro Mid-Atlantic, Inc.,<br>7014 E. Baltimore Street<br>Baltimore, MD 21224<br><br>Synagro Technologies, Inc.<br>1800 Bering Drive, Suite 1000<br>Houston, TX 77057<br><br>and CDR Mid Atlantic<br><br>Defendants. | CIVIL ACTION NO. 01391<br>Judge Richard W. Roberts |

**SYNAGRO MID-ATLANTIC, INC.'S REPLY TO PLAINTIFFS' RESPONSE TO MOTION TO DISMISS, OR ALTERNATIVELY, MOTION TO TRANSFER VENUE**

Pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a), Synagro Mid-Atlantic, Inc. files this Reply to Plaintiffs' Response to Motion to Dismiss, or Alternatively, Motion to Transfer Venue and would show this Court as follows:

**I.   SUMMARY OF THE ARGUMENT**

Defendant Synagro Mid-Atlantic, Inc. (hereinafter "Synagro Mid-Atlantic") has been hailed into this Court improperly. Despite Plaintiffs' allegations to the contrary, *absolutely no* events or omissions giving rise to Plaintiffs' claims occurred in the District of Columbia. Plaintiffs' reliance on 28 U.S.C. § 1391 is, therefore, unfounded and the claims against Synagro Mid-Atlantic should be dismissed, or in the alternative, transferred to the United States District Court for the District of Maryland, Northern Division.

## II.    FACTUAL BACKGROUND

Synagro Mid-Atlantic filed its Motion to Dismiss, or Alternatively, Motion to Transfer Venue on Friday, August, 12, 2005 ("Motion").  Plaintiffs, in response to the Motion, filed their "Stipulation to Transfer Venue" (hereinafter "Stipulation") on Wednesday, September 14, 2005.[1] In that Stipulation, Plaintiffs agree that this matter should be transferred to the United States District Court of Maryland, and Plaintiffs also "urge" the Court to transfer this matter to the Southern Division.  Plaintiffs do not offer a single piece of evidence as to why the Southern Division is an appropriate venue.

## III.    THE NORTHEN DIVISION OF THE UNITED STATES DISTRICT COURT OF MARYLAND IS THE APPROPRIATE VENUE.

Plaintiffs did not address Synagro Mid-Atlantic's arguments for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(3); therefore, this matter should be dismissed.  In the alternative, this matter should be transferred to the Northern Division of the United States District Court of Maryland.

Synagro Mid-Atlantic's principal place of business is in Baltimore, Maryland (*see* Motion, Exhibit C at ¶ 2), which is, of course, in the Northern Division.  Many of the contracts in dispute were sent from and returned to Baltimore, Maryland.  *See* Motion, Exhibit C at ¶ 5.  All dealings between the Regional Vice President of Synagro Mid-Atlantic, who is one of the main witnesses in this matter, and Plaintiffs occurred either physically in Baltimore, Maryland, or by phone from Baltimore, Maryland.  *See* Motion, Exhibit C at ¶ 6.  In addition, the majority of the documents related to this matter reside in the Synagro Mid-Atlantic's Baltimore, Maryland office, and several of the Synagro Mid-Atlantic employees who are witnesses in this matter work out of the Baltimore, Maryland office.

---

[1] Even though Plaintiffs' Response is entitled a "stipulation," Synagro Mid-Atlantic's counsel did not review or approve the "stipulation."

Plaintiffs filed this action in the District of Columbia; however, not a single relevant fact in this suit arose within the District of Columbia, and the District of Columbia has absolutely no interest in this litigation. As a result, Plaintiffs were unable to file a substantive response with even a single argument as to the propriety of venue in the District of Columbia. Again, not unlike its original unsupported venue assertions, Plaintiffs have "urged" the Court to transfer this matter to the Southern Division of the District of Maryland without asserting a single fact to support that venue. Synagro Mid-Atlantic suspects that the impetus for both of these venue selections on the part of the Plaintiffs deals solely with the convenience of Plaintiffs' counsel, which certainly is not a factor in establishing proper venue.

### IV.    CONCLUSION

For the foregoing reasons, and pursuant to Federal Rule of Civil Procedure 12(b)(3) and 18 U.S.C. § 1406(a), Synagro Mid-Atlantic, Inc. respectfully requests that this Court dismiss, for improper venue, Plaintiffs' claims against Synagro Mid-Atlantic, Inc., or in the alternative, transfer the case to the Northern Division of the United States District Court for the District of Maryland and grant it all such further relief at law or in equity to which it is justly entitled.

Respectfully submitted,

BAKER & HOSTETLER LLP

BY: _____/S/_____
    Frederick W. Chockley, III
    D.C. Bar No. 366800
Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5304
Telephone: (202) 861-1500
Facsimile: (202) 861-1783

WATT BECKWORTH
THOMPSON & HENNEMAN, L.L.P.

BY: _____/S/_____
    J. Bradley Green
    Federal Bar No. 18196
    *Pro Hac Vice Granted*
State Bar No. 000790785
1010 Lamar, Suite 1600
Houston, TX 77002
Telephone: (713) 650-8100
Facsimile: (713) 650-8141

ATTORNEYS IN CHARGE FOR
DEFENDANTS SYNAGRO MID-ATLANTIC,
INC., AND SYNAGRO TECHNOLOGIES,
INC.