UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Milton F. Wright and Milton F. Wright Trucking, Inc.<br><br>Plaintiffs,<br><br>vs.<br><br>Synagro Mid-Atlantic, Inc.,<br>7014 E. Baltimore Street<br>Baltimore, MD 21224<br><br>Synagro Technologies, Inc.<br>1800 Bering Drive, Suite 1000<br>Houston, TX 77057<br><br>and CDR Mid Atlantic<br><br>Defendants. | CASE NO. 05-CV-01391<br>Judge Richard W. Roberts<br><br>PENDING TRANSFER TO<br>DISTRICT OF MARYLAND |

## SYNAGRO MID-ATLANTIC, INC.'S ANSWER
## TO PLAINTIFFS' AMENDED COMPLAINT

Subject to the Court's Order Granting Motion to Transfer Venue, Defendant Synagro Mid Atlantic, Inc. files this Answer to Plaintiffs' Amended Complaint, and would show the Court as follows:

### I.
### ORIGINAL ANSWER

1. Defendant admits the allegations in Paragraph 1 of Plaintiffs' Amended Complaint.

2. Defendant denies all allegations in Paragraph 2 of Plaintiffs' Amended Complaint.

3. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3 of Plaintiffs' Amended Complaint.

4. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4 of Plaintiffs' Amended Complaint.

5. Defendant admits the allegations in Paragraph 5 of Plaintiffs' Amended Complaint.

6. Defendant denies all allegations in Paragraph 6 of Plaintiffs' Amended Complaint.

7. Defendant admits that the business relationship between Milton F. Wright Trucking, Inc. and Defendant dates back to 1998. Defendant denies all the remaining allegations in Paragraph 7 of Plaintiffs' Amended Complaint.

8. Defendant admits that it subcontracted work to Milton F. Wright Trucking, Inc. Defendant admits that Plaintiff subcontracted work to Defendant under a single municipal contract. Defendant denies all the remaining allegations in Paragraph 8 of Plaintiffs' Amended Complaint.

9. Defendant denies all allegations in Paragraph 9 of Plaintiffs' Amended Complaint.

10. Defendant denies all allegations in Paragraph 10 of Plaintiffs' Amended Complaint.

11. Defendant admits the first sentence in Paragraph 11 of Plaintiffs' Amended Complaint, solely as it relates to Milton F. Wright Trucking, Inc. Defendant denies all the remaining allegations in Paragraph 11 of Plaintiffs' Amended Complaint.

12. Defendant denies all allegations in Paragraph 12 of Plaintiffs' Amended Complaint.

13. Defendant denies all allegations in Paragraph 13 of Plaintiffs' Amended Complaint.

14. Defendant denies all allegations in Paragraph 14 of Plaintiffs' Amended Complaint.

15. Defendant denies all allegations in Paragraph 15 of Plaintiffs' Amended Complaint.

16. Defendant admits that Milton F. Wright Trucking, Inc. and Defendant entered into a Service Agreement on December 10, 1999. Defendant denies all the remaining allegations in Paragraph 16 of Plaintiffs' Amended Complaint.

17. Defendant denies all allegations in Paragraph 17 of Plaintiffs' Amended Complaint.

18. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18 of Plaintiffs' Amended Complaint.

19. Defendant admits that Milton F. Wright Trucking, Inc. and Defendant entered into a Land Application Subcontracting Agreement on December 5, 2002. Defendant denies all the remaining allegations in Paragraph 19 of Plaintiffs' Amended Complaint.

20. Defendant denies all allegations in Paragraph 20 of Plaintiffs' Amended Complaint.

21. Defendant admits that it terminated Milton F. Wright Trucking, Inc.'s services on the Western Maryland Project on or about December 2003. Defendant denies all the remaining allegations in Paragraph 21 of Plaintiffs' Amended Complaint.

22. Defendant denies all allegations in Paragraph 22 of Plaintiffs' Amended Complaint.

23. Defendant denies all allegations in Paragraph 23 of Plaintiffs' Amended Complaint.

24. Defendant denies all allegations in Paragraph 24 of Plaintiffs' Amended Complaint.

25. Defendant did provide residuals management services to Blue Plains Waste Water Facility in Washington, D.C. Defendant denies all the remaining allegations in Paragraph 25 of Plaintiffs' Amended Complaint.

26. Defendant denies all allegations in Paragraph 26 of Plaintiffs' Amended Complaint.

27. Defendant denies all allegations in Paragraph 27 of Plaintiffs' Amended Complaint.

28. Defendant denies all allegations in Paragraph 28 of Plaintiffs' Amended Complaint.

29. Defendant admits that the volume of biosolids received from the Blue Plains Waste Water Facility fluctuated on a weekly basis. Defendant denies all the remaining allegations in Paragraph 29 of Plaintiffs' Amended Complaint.

30. Defendant denies all allegations in Paragraph 30 of Plaintiffs' Amended Complaint.

31. Defendant denies all allegations in Paragraph 31 of Plaintiffs' Amended Complaint.

32.     Defendant denies all allegations in Paragraph 32 of Plaintiffs' Amended Complaint.

33.     Defendant admits that Milton F. Wright Trucking, Inc. and Defendant entered into a Land Application Subcontracting Agreement Amendment on May 1, 2004.  Defendant denies all the remaining allegations in Paragraph 33 of Plaintiffs' Amended Complaint.

34.     Defendant admits that it decreased Milton F. Wright Trucking, Inc.'s land permitting fees.  Defendant denies all the remaining allegations in Paragraph 34 of Plaintiffs' Amended Complaint.

35.     Defendant denies all allegations in Paragraph 35 of Plaintiffs' Amended Complaint.

36.     Defendant denies all allegations in Paragraph 36 of Plaintiffs' Amended Complaint.

37.     Defendant denies all allegations in Paragraph 37 of Plaintiffs' Amended Complaint.

38.     Defendant admits that Milton F. Wright Trucking, Inc. sent a letter dated September 27, 2004 requesting a meeting.  Defendant denies all the remaining allegations in Paragraph 38 of Plaintiffs' Amended Complaint.

39.     Defendant admits that Milton F. Wright Trucking, Inc. sent a letter dated November 11, 2004 providing "notice of termination" of the Land Application Subcontracting Agreement Amendment entered into on May 1, 2004.  Defendant denies all the remaining allegations in Paragraph 39 of Plaintiffs' Amended Complaint.

40.     Defendant denies all allegations in Paragraph 40 of Plaintiffs' Amended Complaint.

41. Defendant admits that Milton F. Wright Trucking, Inc. and Defendant entered into an Interstate Hauling Agreement in 2003. Defendant denies all the remaining allegations in Paragraph 41 of Plaintiffs' Amended Complaint.

42. Defendant admits that Milton F. Wright Trucking, Inc. provided hauling services for Defendant in relation to the UOSA Waste Water Treatment Plant. Defendant denies all the remaining allegations in Paragraph 42 of Plaintiffs' Amended Complaint.

43. Defendant admits that Milton F. Wright Trucking, Inc. provided sub-contractor land application services to Defendant in relation to the UOSA Waste Water Treatment Plant. Defendant denies all the remaining allegations in Paragraph 43 of Plaintiffs' Amended Complaint.

44. Defendant denies all allegations in Paragraph 44 of Plaintiffs' Amended Complaint.

45. Defendant denies all allegations in Paragraph 45 of Plaintiffs' Amended Complaint.

46. Defendant denies all allegations in Paragraph 46 of Plaintiffs' Amended Complaint.

47. Defendant denies all allegations in Paragraph 47 of Plaintiffs' Amended Complaint.

48. Defendant denies all allegations in Paragraph 48 of Plaintiffs' Amended Complaint.

49. Defendant denies all allegations in Paragraph 49 of Plaintiffs' Amended Complaint.

50. Defendant denies all allegations in Paragraph 50 of Plaintiffs' Amended Complaint.

51. Defendant denies all allegations in Paragraph 51 of Plaintiffs' Amended Complaint.

52. Defendant denies all allegations in Paragraph 52 of Plaintiffs' Amended Complaint.

53. Defendant admits the allegations in Paragraph 53 of Plaintiffs' Amended Complaint.

54. Defendant denies all allegations in Paragraph 54 of Plaintiffs' Amended Complaint.

55. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 55 of Plaintiffs' Amended Complaint.

56. Defendant admits that it terminated Plaintiffs' services in relation to the in relation to the UOSA Waste Water Treatment Plant and that Defendant continued to provide hauling services to the UOSA Waste Water Treatment Plant. Defendant denies all the remaining allegations in Paragraph 56 of Plaintiffs' Amended Complaint.

57. Defendant admits all allegations in Paragraph 57 of Plaintiffs' Amended Complaint.

58. Defendant denies all allegations in Paragraph 58 of Plaintiffs' Amended Complaint.

59. Defendant denies all allegations in Paragraph 59 of Plaintiffs' Amended Complaint.

60. Defendant denies all allegations in Paragraph 60 of Plaintiffs' Amended Complaint.

61. Defendant denies all allegations in Paragraph 61 of Plaintiffs' Amended Complaint.

62. Defendant denies all allegations in Paragraph 62 of Plaintiffs' Amended Complaint.

63. Defendant denies all allegations in Paragraph 63 of Plaintiffs' Amended Complaint.

64. Defendant admits that Milton F. Wright Trucking, Inc. sent a letter dated September 27, 2004 requesting a meeting. Defendant denies all the remaining allegations in Paragraph 64 of Plaintiffs' Amended Complaint.

65. Defendant admits that Milton F. Wright Trucking, Inc. sent a letter dated November 11, 2004 providing "notice of termination" of the Land Application Subcontracting Agreement Amendment entered into on May 1, 2004. Defendant denies all the remaining allegations in Paragraph 65 of Plaintiffs' Amended Complaint.

66. Defendant denies all allegations in Paragraph 66 of Plaintiffs' Amended Complaint.

67. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 67 of Plaintiffs' Amended Complaint.

68. Defendant denies all allegations in Paragraph 68 of Plaintiffs' Amended Complaint.

69. Defendant denies all allegations in Paragraph 69 of Plaintiffs' Amended Complaint.

70. Defendant denies all allegations in Paragraph 70 of Plaintiffs' Amended Complaint.

71. Defendant denies all allegations in Paragraph 71 of Plaintiffs' Amended Complaint.

72. Defendant denies all allegations in Paragraph 72 of Plaintiffs' Amended Complaint.

73. Defendant denies all allegations in Paragraph 73 of Plaintiffs' Amended Complaint.

74. Defendant denies all allegations in Paragraph 74 of Plaintiffs' Amended Complaint.

75. Defendant denies all allegations in Paragraph 75 of Plaintiffs' Amended Complaint.

76. Defendant denies all allegations in Paragraph 76 of Plaintiffs' Amended Complaint.

77. Defendant denies all allegations in Paragraph 77 of Plaintiffs' Amended Complaint.

78. Defendant denies all allegations in Paragraph 78 of Plaintiffs' Amended Complaint.

79. Defendant denies all allegations in Paragraph 79 of Plaintiffs' Amended Complaint.

80. Defendant denies all allegations in Paragraph 80 of Plaintiffs' Amended Complaint.

81. Defendant denies all allegations in Paragraph 81 of Plaintiffs' Amended Complaint.

82. Defendant denies all allegations in Paragraph 82 of Plaintiffs' Amended Complaint.

83. Defendant denies all allegations in Paragraph 83 of Plaintiffs' Amended Complaint.

84. Defendant denies all allegations in Paragraph 84 of Plaintiffs' Amended Complaint.

85. Defendant denies all allegations in Paragraph 85 of Plaintiffs' Amended Complaint.

86. Defendant denies all allegations in Paragraph 86 of Plaintiffs' Amended Complaint.

## II.
## AFFIRMATIVE DEFENSES

87. Defendant pleads the affirmative defense of statute of limitations.

88. Defendant pleads the affirmative defense of statute of frauds.

89. Defendant pleads the affirmative defense of failure to mitigate damages.

90. Defendant reserves the right to amend its pleadings, as discovery progresses, in accordance with the Federal Rules of Civil Procedure.

## III.
## PRAYER

Defendant prays that Plaintiffs take nothing from this lawsuit and that Defendant recover

costs and fees against Plaintiffs. Defendant seeks all other relief to which it may be entitled.

                Respectfully submitted,

                SYNAGRO MID ATLANTIC, INC.

                By counsel,

        BY: _____/S/_____
                Frederick W. Chockley, III
                D.C. Bar No. 366800
              BAKER & HOSTETLER LLP
              Washington Square, Suite 1100
              1050 Connecticut Avenue, N.W.
              Washington, D.C. 20036-5304
              Telephone: (202) 861-1680
              Facsimile: (202) 861-1783


              WATT BECKWORTH
              THOMPSON & HENNEMAN, L.L.P.

                J. Bradley Green
                Federal Bar No. 18196
                *Admitted Pro Hac Vice*
                State Bar No. 000790785
                1010 Lamar, Suite 1600
                Houston, TX  77002
                Telephone: (713) 650-8100
                Facsimile: (713) 650-8141

                ATTORNEYS IN CHARGE FOR
                DEFENDANTS SYNAGRO MID-ATLANTIC,
                INC., AND SYNAGRO TECHNOLOGIES,
                INC.